UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND DICKERSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs | ) | No. 1:16CV284 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. ' 2255 by a Person in Federal Custody, [Doc. No. 1], and Movant's Supplemental Motion to Vacate, Set Aside or Correct Sentence. On March 30, 2017 the Office of the Federal Public Defender entered its appearance in representation of the Movant [Doc. No. 6]. On September 17, 2018 Movant requested leave to supplement and amend his *Johnson* claims motion [Doc. No 16]. The United States filed a response agreeing to the motion seeking to amend [Doc. No. 17]. The United States has responded to the amended motion to vacate. For the reasons set forth below, the Motion is denied.

## **Movant's Claims**

The essence of Movant's claims centers on his asserted improper

– 1 –

classification as an Armed Career Criminal.

The development of case law specific to Movant's position clearly denotes that he was properly considered to be an Armed Career Criminal. The use of the challenged conviction for Second Degree Robbery under Missouri law as a violent felony has been resolved through *United States v. Swopes*, 886 F.3d 668, 673 (8th Cir. 2018). The Eighth Circuit concluded that Second Degree is a violent felony under the enumerated offenses clause of ACCA. ("For these reasons, we uphold the district court's conclusion that second-degree robbery in violation of Mo.Rev.Stat. § 569.030.1 (1979) is a 'violent felony' under the Armed Career Criminal Act, 18 U.S.C. § 924(e)."); *Robinett v. United States*, 886 F.3d 689, 692 (8th Cir. 2018). As noted by the United States, Movant, like Swopes, has both a First Degree Robbery and a Second Degree Robbery conviction, counting for two of the three predicate convictions needed for his Armed Career Criminal classification.

In addition, Movant's conviction for Missouri Unlawful Use of a Weapon by Exhibiting is a violent felony as observed in the post-*Johnson* case of *United States v. Hudson*, 851 F.3d 807 (8th Cir. 2017).

Movant also has a Missouri conviction for Second Degree Assault. Exhibit 3 of the Government's response sets out the basis for the Assault charge in that he "attempted to cause physical injury to Larry Johnson by means of a deadly weapon

by cutting him with a knife."

The statute under which Movant was convicted in 2001, Mo.Rev.Stat. § 565.060.1, in pertinent part reads;

> A person commits the crime of assault in the second degree if he:
>
> (1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or
>
> (2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or
>
> (3) Recklessly causes serious physical injury to another person; or
>
> (4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself.

It is clear beyond question that Movant was charged and convicted for the assault offense that qualified for use in determining his status as an Armed Career Criminal. As such, the law has concluded that Movants convictions qualify as violent felonies.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of

Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 8th day of May, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE